IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SHELBY COUNTY HEALTH CARE
CORPORATION d/b/a Regional Medical
Center                                                                                                  PLAINTIFF

V.                                       3:13CV00194-BRW

SOUTHERN FARM BUREAU
CASUALTY INSURANCE CO., *et al*.                                           DEFENDANTS

## ORDER

Pending is Defendant Barbara Ford's Motion for Summary Judgment (Doc. No. 18). Plaintiff has responded and Defendant Ford has replied.[1]  For the reasons set forth below, Defendant Barbara Ford's Motion for Summary Judgment (Doc. No. 18) is GRANTED.

**I.      BACKGROUND[2]**

John Smiley was involved in a motor-vehicle collision with Aaron Medford in Monroe County, Arkansas, on February 18, 2009. That same day, he was admitted to the Regional Medical Center ("The Med"), in Shelby County, Tennessee. He died on March 6, 2009 from the injuries sustained in the accident. Barbara Ford was appointed Special Administratrix of the Estate of John Smiley.

On March 23, 2009, The Med filed an Affidavit for Hospital Lien, under Tennessee Code Annotated § 29-22-101 in the Circuit Court of Tennessee, in Memphis, for over $300,000 -- the cost of the medical services provided to Mr. Smiley after the accident. An Amended Lien was

---

[1]Doc. Nos. 23, 31.

[2]Unless otherwise noted, the Background is taken from Plaintiff's complaint (Doc. No. 1) and the Statements of Material Fact Not in Dispute (Doc. Nos. 20, 24, 32).

1

filed on March 19, 2010.  The Med mailed copies of these liens to the Estate's lawyers on April 16, 2009, March 25, 2010, January 14, 2010, and May 6, 2010.[3]

Southern Farm Bureau Casualty Insurance Company, Mr. Medford's insurer, settled the Estate's potential personal-injury claims for $700,000.  On September 13, 2010, the Probate Division of the Circuit Court of Monroe County, Arkansas, authorized the Estate to accept the settlement after noting that no medical liens had been filed in Monroe County and the "purported medical lien filed in the State of Tennessee by [The Med]. . . is not enforceable and is void in Arkansas and will not be considered" because The Med failed to follow the requirements of Ark. Code Ann. §§ 18-46-101 *et seq.*[4]

On August 30, 2013, The Med filed a complaint against Southern Farm Bureau, Mr. Medford, Mr. Medford's employers, and Barbara Ford, as Administratrix of the Estate of John Smiley.  The Med alleges that Defendants improperly settled their personal injury claim "without payment in honor of The Med's Hospital lien and in violation of Tenn. Code Ann. § 29-22-104."  It also contends that "Tennessee law applies to the adjudication of The Med's hospital lien entitlement against any recovery made by the Estate of John D. Smiley, and/or paid by Defendants, Southern Farm, Aaron Medford, and Medford Farm Partnerships."

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[5]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

---

[3]Doc. No. 24-1, 24-3, 24-5.

[4]Doc. No. 18-4.

[5]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

>The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[6]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[7] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[8] A court must view the facts in the light most favorable to the party opposing the motion.[9] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

>[T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[10]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[11]

---

[6]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[7]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[8]*Id.* at 728.

[9]*Id.* at 727-28.

[10]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[11]*Anderson*, 477 U.S. at 248.

## III.     DISCUSSION

The Med argues that this case involves a choice of law issue and that Tennessee law applies; but it is much simpler than that. Even if I assume The Med properly perfected an Affidavit for Hospital Lien under Tennessee law, it never obtained a judgment that could be enforced in Arkansas against the Estate of John Smiley, which it knew, or reasonably should have known, would be subject to probate in Arkansas. It also failed to file a lien in Arkansas.

To perfect the hospital's lien under Tennessee law, the hospital must "file in the office of the clerk of the circuit court of the county in which the hospital is located, and in the county wherein the patient resides, if a resident" of Tennessee.[12] However, the law does not set out the process of perfecting a lien on out-of-state patients. Still, logic and The Med's past practice of filing notices of judgment in Arkansas,[13] lead to only one conclusion: The Med should have filed its judgment or lien in the court retaining jurisdiction over the Estate.

In fact, The Med was required to take action to enforce its lien in the court with jurisdiction over the issues.[14] This requirement is obvious from the fact that Tennessee law requires the hospital to file the lien in the county in which the patient resides (if a Tennessee resident), as well as where the hospital conducts business. Despite The Med's argument of nefarious activities by the Estate's lawyers and the probate court, the issue remains: The Med had a Tennessee lien but failed to properly enforce it in the court with jurisdiction over the Estate of John Smiley.

---

[12] Tenn. Code Ann. § 29-22-102.

[13] Defendant provided two cases where The Med filed notice of judgment in Arkansas courts in order to obtain relief. Doc. Nos. 31-5, 31-6.

[14] *Sears v. Burkeen*, 237 S.W.3d 521 (Ark. App. 2006) (rejecting a party's attempt to enforce a Tennessee judgment when the party failed to take any action to enforce its lien in the court with jurisdiction over the proceeding).

4

Even if the Med had taken the appropriate steps, it is clear that Arkansas law -- which is appropriate in this case, since all other things being equal, Arkansas has a strong interest in determining what damages its citizens may recover in personal injury suits -- would not permit The Med to recover from the wrongful death proceeds of the beneficiaries.  To find otherwise would allow Tennessee court rulings and law to trump clearly established Arkansas law.[15]

Additionally, if I adopted The Med's argument that the "recovery was plainly based upon estate damages -- not wrongful death," I would effectively be overruling the decision by the circuit court.  It seems to me that if this were The Med's position, the proper legal course would have been to raise the issue with the state circuit court, not after the fact in federal court.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant Barbara Ford's Motion for Summary Judgment (Doc. No. 18) is GRANTED.

IT IS SO ORDERED this 10th day of April, 2013.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[15] *Mid-South Adjustment Co., Inc. v. Estate of Harris*, 189 S.W.3d 518 (Ark. App. 2004). Though The Med strongly encourages me to side with the dissenters in this case, the majority decision remains the law in Arkansas.