**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**SHELBY COUNTY HEALTH CARE
CORPORATION d/b/a Regional Medical
Center**                                                                      **PLAINTIFF**

**VS.**                                    **3:13-CV-00194-BRW**

**SOUTHERN FARM BUREAU
CASUALTY INSURANCE CO.,** *et al.*                             **DEFENDANTS**

<u>**ORDER**</u>

Pending is Defendant Barbara Ford's Motion for Attorney's Fees and Costs (Doc. No. 34).

Plaintiff has responded.[1]  The Motion is GRANTED, but reduced, as set out below.

**I.      BACKGROUND**

John Smiley died after a motor vehicle collision on February 18, 2009 with Mr. Aaron

Medford.  On August 30, 2013, Plaintiff ("The Med") filed a complaint against Mr. Medford,

Mr. Medford's employers, Southern Farm Bureau (Mr. Medford's insurance carrier), and

Barbara Ford, as Administratrix of the Estate of John Smiley.  The Med alleged that Defendants

improperly settled their personal injury claim "without payment in honor of The Med's Hospital

lien and in violation of Tenn. Code Ann. § 29-22-104."  It also asserted that "Tennessee law

applies to the adjudication of The Med's hospital lien entitlement against any recovery made by

the Estate of John D. Smiley, and/or paid by Defendants, Southern Farm, Aaron Medford, and

Medford Farm Partnerships."[2]

On April 10, 2014, I granted Defendant Barbara Ford's Motion for Summary Judgment

and found that: (1) The Med never obtained a judgment that could be enforced in Arkansas

---

[1]Doc. No. 36.

[2]Doc. No. 1.

against the Estate of John Smiley, which it knew, or reasonably should have known, would be subject to probate in Arkansas; (2) The Med failed to properly enforce its Tennessee lien in a court with jurisdiction over the Estate of John Smiley; (3) Arkansas law would not allow The Med to enforce its lien by recovering from the wrongful-death proceeds of the beneficiaries; and (4) The Med's request to enforce the Tennessee lien would require me to overrule the state court's determination that the Med's "purported medical lien filed in the State of Tennessee . . . is not enforceable in this Court and is void in Arkansas . . . ."[3]

Defendant Barbara Ford seeks attorney's fees under Ark Code Ann. § 16-22-308, which refers to recovery on "an open account, statement of account, account stated, bill, negotiable instrument, or contract relating to the purchase or sale of good, wares, or merchandise, or for labor or service, or beach of contract . . . ."  She argues that The Med "sought to recover a security interest (a lien secured by proceeds from a third-party claim) which arose by operation of Tennessee law to protect the Plaintiff's interest in securing payment for an account."[4]

The Med asserts that § 16-22-308 does not apply here because it "claimed no cause of action in either contract or based upon an open account, nor did it seek attorney fees associated with either.  Instead, The Med seeks redress for the violation of the statutory duty imposed upon defendants by the Tennessee HLA."[5]  The Med also contends that the "fee statute cited by Ford does not apply to hospital liens, and case precedent does not support such an imposition."[6]

---

[3]Doc. Nos. 33, 18-4.

[4]Doc. No. 35.

[5]Doc. No. 36.

[6]*Id.*

Finally, The Med argues that "this Court has opined that hospital lien-impairment issues are analogous to those in tort," which would disallow attorney's fees.[7]

## III.   DISCUSSION

The Med does not object to the amount of Defendant Ford's fee and cost request; rather, it argues that the statute relied upon by Defendant Ford does not apply and that lien impairment cases are more akin to tort than contract, so attorney's fees are not permitted.  I need not decide whether Ark. Code Ann. § 16-22-308 applies, because the relevant section of the Arkansas Medical Lien Act reads:

> On compliance with the requirements of this chapter, a practitioner, a nurse, a hospital, and an ambulance service provider shall each have a lien:
>
> (1)   For the value of the service rendered . . . by the hospital . . . to a patient . . . for the relief and cure of an injury suffered through the fault or neglect of someone other than the patient himself;
>
> (2)   On any claim, right of action, and money to which the patient is entitled because of that injury, and to costs and attorneys' fees incurred in enforcing that lien.[8]

Based on this statute, attorney's fees are recoverable in cases where a party is attempting to enforce a lien in Arkansas.  Considering the inverse, Defendant Ford would be entitled to reasonable fees and costs in successfully defending a hospital's attempt to enforce a lien. Contrary to The Med's assertion, the Arkansas legislature specifically allowed for attorney's fees and costs in this lien-enforcement case.

Defendant Ford's motion seeks fees and costs totaling $9,403.18;[9] but, based on the invoices, Defendant Ford's counsel performed 38.3 hours of work at $250 and hour, which

---

[7]*Id.*

[8]Ark. Code Ann. § 18-46-104.

[9]Doc. No. 35.

would total $9,575.00,[10] and had $228.18 in costs.[11]  There is no explanation of the discrepancy between the requested amount and the total on the invoices.[12]

A.      **Attorney's Fees**

In support of his request, Defendant relies on the "detailed billing summary" attached to his motion, but there are no details; the invoices fail to list any information regarding the work performed.  All entries are a variation on the following: "1/29/2014   BL     4.00 hours."  Counsel asserts that the "statements have been redacted to protect client confidentiality and attorney work product."[13]  But with the sweeping redactions, there is no way for me to assess whether the time spent was reasonable, and I am not sure how listing something like "reviewed Plaintiff's response to motion for summary judgment" would expose any confidentiality or work product.

Considering the lack of detail in the invoice, the fact that the issues in this case are not complicated, and the fact that Defendant Ford has been involved for only a few months, I am reducing Defendant's hours by 25% to a new total of 28.7 hours.  Additionally, I believe $200 an hour is a reasonable rate for this type of case, a lawyer with 10 years' experience, and considering the going rate in Jonesboro, Arkansas.  Accordingly, Defendant Ford is awarded $5,740.00 in attorney's fees.

---

[10]The fee totals on the invoices are: February 5, 2014 is $2,725.00 (10.9 hours); March 7, 2014 is $450 (1.8 hours); April 4, 2014 invoice is $4,025.00 (16.1 hours); and April 24, 2014 invoice is $2,375.00 (9.5 hours).

[11]The costs on the invoices are: February 5, 2014 is $12.50; March 7, 2014 is $95.17; April 4, 2014 is $88.05; and April 24, 2014 is $32.46.

[12]Defendant's counsel's affidavit claims that he's spent 36.7 hours representing Ford so far.  (Doc. No. 34)  However, the invoices list a total of 38.3 hours.

[13]Doc. No. 35.

**B.       Costs**

As for expenses, counsel requests reimbursement for copy charges, Lexis Nexis research,

extra postage, faxes, PACER charges, and "research -- copy of probate file."  First, Defendant is

not entitled to recover $63.99[14] in Lexis research charges.[15]  Second, Defendant Ford's

submission regarding charges for copies and faxes lacks any specifics (meaning there is not

explanation of total number pages, price per page, etc.), but Plaintiff did not object to these

amounts, so I will not adjust them.  Accordingly, I find that Defendant Ford is entitled to costs

totaling $164.19.[16]

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Defendant Barbara Ford's

Motion for Attorney's Fees and Costs (Doc. No. 34) is GRANTED in part.  Accordingly,

Defendant Ford is entitled to $5,740.00 in attorney's fees and $164.19 in costs, for a total of

$5,904.19, from Plaintiff.

IT IS SO ORDERED this 14th day of May, 2014.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[14]For "Lexis Nexis Research Database" the March 7, 2014 invoice lists $39.93 and the April 23, 2014 invoice lists $24.06.

[15]*Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir.1993) ("[T]he law of this Circuit is that computer-based legal research must be factored into the attorneys' hourly rate, hence the cost of the computer time may not be added to the fee award."); *TASA Group v. Mosby*, No. 4:05-CV-00938-GTE, 2005 WL 1922571, at *1 (E.D. Ark. Aug. 9, 2005) ("The Eighth Circuit considers such costs [computerized legal research] to be factored into the attorney's hourly rate, and therefore, not recoverable as an addition to a fee award.").

[16]The requested $228.18 less the Lexis Nexis research fees of $63.99.