**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**SHELBY COUNTY HEALTH CARE
CORPORATION d/b/a Regional Medical Center**                                              **PLAINTIFF**

**VS.**                                              **3:13-CV-00194-BRW**

**SOUTHERN FARM BUREAU
CASUALTY INSURANCE CO.,** *et al***.**                                              **DEFENDANTS**

**ORDER**

Pending are Defendants' Motions for Attorney's Fees and Costs (Doc. Nos. 79, 81). Plaintiff has responded.[1] For the reasons set out below, the motions are DENIED.

**I.    BACKGROUND**

The Court of Appeals for the Eighth Circuit reversed a 2014 order granting summary judgment for Defendants because I incorrectly determined that Plaintiff's claims were for lien enforcement, rather than lien impairment. After remand, I reviewed the case as one for lien impairment and granted summary judgment for Defendants.

**II.    DISCUSSION**

Defendants cite two Arkansas statutes in support of their request for attorneys' fees. Neither statute applies to this case. The first statute relates to recovery on "an open account, statement of account, account stated, bill, negotiable instrument, or contract relating to the purchase or sale of good, wares, or merchandise, or for labor or service, or beach of contract . . . ."[2] The second statute involves

---

[1] Doc. Nos. 83, 84.

[2] Ark. Code Ann. § 16-22-308.

1

fees and costs "incurred in <u>enforcing</u> [a hospital] lien."[3]  In their motions, Defendants also incorrectly refer to this case as "a lawsuit to collect a medical lien . . . ."[4]

Again, this is a case "for damages for impairment of [a] hospital lien, a statutory cause of action created by the Tennessee HLA," not a lien-enforcement case.[5]  A lien-impairment claim is grounded in tort law, because it is an attempt to recover damages from Defendants after they allegedly impaired Plaintiff's lien.[6]  Arkansas does not permit the recovery of attorneys' fees for tort claims.[7]

Additionally, Arkansas does not have a lien-impairment law and the Tennessee law does not allow for recovery of attorneys' fees and costs in lien-impairment actions.[8]

## CONCLUSION

Based on the findings of fact and conclusions of law above, the motions for attorneys' fees and costs are DENIED.  The previous orders awarding Defendants attorneys' fees and costs (Doc. Nos. 40, 63) are VACATED.

IT IS SO ORDERED this 12th day of November, 2015.

    /s/ Billy Roy Wilson
    UNITED STATES DISTRICT JUDGE

---

[3] Ark. Code Ann. § 18-46-104 (emphasis added).

[4] Doc. Nos. 80, 82.

[5] Doc. No. 73.

[6] See *State Farm Mut. Auto Ins. Co. v. Shelby County Health Care Corp.*, No. 3:10CV00169-JMM, 2011 WL 5508854, at *2 (E.D. Ark. Nov. 10, 2011) (applying the "tort choice-of-law rules" to a lien impairment case).

[7] *FMC Corp., Inc. v. Helton*, 202 S.W.3d 490, 507 (Ark. 2005).

[8] *Shelby Cnty. Health Care Corp. v. Baumgartner*, No. W200801771COAR3CV, 2011 WL 303249, at *18-19 (Tenn. Ct. App. Jan. 26, 2011)