IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**SHELBY COUNTY HEALTH CARE CORPORATION**                              **PLAINTIFF**

VS.                                          3:13-CV-00194-BRW

**SOUTHERN FARM BUREAU CASUALTY**                                      **DEFENDANTS**
**INSURANCE COMPANY,** *ET AL.*

## ORDER

Pending is the Southern Farm Bureau Defendants' Motion to Certify Question of Law to the Arkansas Supreme Court (Doc. No. 116). Plaintiff has responded, and the Southern Farm Bureau Defendants have replied.[1] For the reasons set out below, the Motion to Certify is DENIED.

**I.  BACKGROUND**

On appeal, the Eighth Circuit concluded that an Arkansas choice-of-law analysis would favor the application of Tennessee law to the lien impairment claim and remanded for further proceedings in light of its determination.[2] Now, Farm Bureau Defendants ask that the choice-of-law question be certified to the Supreme Court of Arkansas.[3]

**II.  DISCUSSION**

The issue of whether a question of law will be certified to a state court falls within the sound discretion of the federal district court.[4] In general, the district court has a duty to address

---

[1]   Doc. Nos. 119, 120.

[2]   *Shelby Cty. Health Care Corp. v. S. Farm Bureau Cas. Ins. Co.*, 855 F.3d 836, 844 (8th Cir. 2017).

[3]   Doc. No. 116.

[4]   *Perkins v. Clark Equip. Co.*, 823 F.2d 207, 209 (8th Cir. 1987) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).

1

aspects of state law even though that area of the law is still unsettled.[5] A district court should not avoid its duty of determining the issues before it unless it is a close question and there are few state sources to enable a nonconjectural determination.[6] Furthermore, "[o]nce a question is submitted for decision in the district court, the parties should be bound by the outcome unless other grounds for reversal are present."[7] Once a case has been decided, certification can be granted only in limited circumstances.[8]

As Plaintiff has pointed out,[9] the choice-of-law question was addressed both by this Court and the Eighth Circuit before Southern Farm Bureau Defendants sought certification. To grant certification of the question after the Eighth Circuit's determination would be like a "second chance at victory."[10] Though in limited circumstances certification can be granted after an adverse judgment, the choice-of-law question itself was not a particularly close one for the Eighth Circuit. The Farm Bureau Defendants rely on the Eighth Circuit expressing some uncertainty in how the Arkansas Supreme Court would apply one of the *Leflar* factors in its choice-of-law analysis,[11] but the Eighth Circuit already considered that this particular factor

---

[5] *Jung v. Gen. Cas. Co. of Wis.*, 651 F.3d 796, 801 (8th Cir. 2011) (citing *Guillard v. Niagra Mach. & Tool Works*, 488 F.2d 20, 24 (8th Cir. 1973)).

[6] *Skakopee Mdewakanton Sioux Cmty. v. City of Prior Lake*, 771 F.2d 1153, 1157 n.2 (8th Cir. 1985).

[7] *Perkins*, 823 F.2d at 210; *see also Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency*, 178 F.3d 1363, 1364 n.1 (10th Cir. 1999) (finding that most circuits, with the exception of the Fifth Circuit, will generally not certify questions after a decision has been issued).

[8] *Perkins*, 823 F.2d at 210.

[9] Doc. No. 119.

[10] *Perkins*, 823 F.2d at 210 (citing *Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984)).

[11] Doc. No. 116 (quoting *Shelby Cty. Health Care Corp.*, 855 F.3d at 844 ("[W]e are not confident that the Arkansas Supreme Court would agree with the intermediate court.")).

2

could favor the application of Arkansas law and decided that the other *Leflar* factors would favor the application of Tennessee law regardless.[12] Certifying this question then would not likely change the outcome of the choice-of-law analysis.

## CONCLUSION

For the reasons set out above, the Motion to Certify is DENIED.

IT IS SO ORDERED this 9th day of October, 2018.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[12] *Shelby Cty. Health Care Corp.*, 855 F.3d at 844 ("[T]he fourth factor concerning advancement of the forum's interest arguably points to Arkansas law. . . [i]n any event, we are not convinced that the forum's interest outweighs the concerns previously expressed about forum shopping and the maintenance of interstate order that favor application of Tennessee law.").