IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SHELBY COUNTY HEALTH CARE
CORPORATION d/b/a REGIONAL
MEDICAL CENTER                                                                PLAINTIFF

VS.                                  3:13-cv-00194 BRW

SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY, *ET AL.*                          DEFENDANTS

## ORDER

Pending is Defendant's Southern Farm Bureau Casualty Insurance Company, Medford Farm Partnership, and Aaron Medford ("the Farm") Motion for Summary Judgment on Cross-Claim (Doc. No. 102).[1] Defendant Barbara Ford, as Special Administratrix of the Estate of John Smiley, ("Ford") and Shelby County Health Care Corporation d/b/a Regional Medical Center ("the Med") filed Responses.[2] The Farm filed a Reply.[3] For the reasons set out below, the Farm's Motion is GRANTED as it pertains to the Cross-Claim and DENIED as to the other requests. Ford's Cross-Motion is DENIED.

Also pending is Ford's Motion for Summary Judgment (Doc. No. 121). The Med filed a response, and Ford replied.[4] F or the reasons set out below, Defendant's Motion is DENIED.

**I.    BACKGROUND**

John D. Smiley and Aaron Medford were involved in an automobile accident in Monroe County, Arkansas, on February 18, 2009. Shortly after the accident, Mr. Smiley was admitted to the Med, where he remained until his death on March 6, 2009. Based on the Tennessee

---

[1] Doc. No. 102.
[2] Doc. No. 105, 108.
[3] Doc. No. 110.
[4] Doc. No. 124, 127.

Hospitals' Lien Act ("HLA"), the Med filed a statutory hospital lien in the Circuit Court of Tennessee for the Thirteenth Judicial Circuit in Memphis for the unpaid balance owed on Smiley's hospital bill. The Med mailed copies of the lien to the attorneys for Smiley's estate.

Barbara Ford was appointed as special administratrix for Smiley's estate by the Circuit Court of Monroe County, Arkansas, Probate Division to pursue claims resulting from Smiley's death. After negotiating with Medford's insurer, the Farm, Ford petitioned the probate court to authorize a settlement. The probate court noted that Ford had asserted a wrongful death claim against Medford and wanted to accept the Farm's offer to pay $700,000 in exchange for a release of any and all claims. The probate court found that no medical liens had been filed against Smiley's estate in Monroe County and that the Med's hospital lien was void and unenforceable in Arkansas as the Med did not follow the requirements of the Arkansas Medical, Nursing, Hospital, and Ambulance Service Lien Act. None of the settlement proceeds went to the Med.

The Med filed a lawsuit in this Court against the Farm and Ford claiming a lien impairment in violation of Tennessee law. The Eighth Circuit has found that Tennessee law controls this action for the impairment of a hospital lien.[5]

## II. STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[6] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[7]

---

[5] *Shelby County Healthcare Corporation v. S. Farm Bureau Cas. Is. Co.* 855 F.3d 836, 844 (8th Cir. 2017).
[6] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.
[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[8] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[9] A court must view the facts in the light most favorable to the party opposing the motion.[10] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[11]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[12]

## III. DISCUSSION

### A. Indemnity

The Farm denies any liability to the Med, and asserts that the Settlement Agreement and Release created a contractual duty for Ford to defend and indemnify the Farm. It claims that Ford agreed, in writing, that she would defend, indemnify, and hold the Farm harmless for any and all claims. Ford agrees the language is clear, but conversely maintains that the agreement fails to include any language triggering a duty to defend, indemnify, or hold harmless. Thus, Ford claims

---

[8] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).
[9] *Id.* at 728.
[10] *Id.* at 727-28.
[11] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).
[12] *Anderson*, 477 U.S. at 248.

that summary judgment should be granted in her favor and if not, the contract language should be found to be ambiguous and resolved against the Farm.

The allegations of a complaint determine the scope of the duty to defend and indemnify.[13] An agreement to indemnify is a contract to be construed in accordance with the general rules of construction of contracts.[14] When contracting parties express their intention in a written instrument in clear and unambiguous language, it is the court's duty to construe the writing in accordance with the plain meaning of the language employed.[15] Here, the Release reads,

> The undersigned represents and warrants <u>that all bills, costs, or liens resulting from or arising out of any and all alleged injuries</u>, the lawsuit, or the incident herein described are the undersigned's responsibility to pay. The undersigned agrees to assume responsibility for satisfaction of any and all rights to payment, claims or liens, of any kind, <u>that arise from or are related to payments made or services provided to the undersigned</u> or on her behalf, and expenses, costs, or fees incurred in connection with the claims asserted by her related to such alleged injuries, the lawsuit, or the incident including, without limitation, all subrogation claims, liens, or other rights to payment relating to medical treatment or lost wages that have been or may be asserted by any health care provider, insurer, governmental entity, employer, or other person or entity. <u>The undersigned will indemnify, defend, and hold any released party harmless from any and all such claims, liens, and rights to payment, known or unknown</u>.[16]

The Release clearly provides that any and all such claims, known and unknown, would be covered. At the time it was signed Ford's lawyer agreed, "If we are wrong and the lien holder has a judicial determination that the lien is valid, then of course, we are responsible, since the Release specifically provides that the attorneys represent that the liens are fully satisfied and indemnify all parties released."[17] I agree with Mr. Henry that the language contained in the Release is not ambiguous and clearly provides that Ford agreed to and must indemnify the Farm.

---

[13] *See Watkins v. S. Farm Bureau Cas. Co.*, 370 S.W.3d 848, 853 (2009).
[14] *See generally Chevron U.S.A., Inc. v. Murphy Exploration*, 151. S.W.3d 306 (2004).
[15] *See Holytrent Properties, Inc. v. Valley Park Limited Partnership*, 32 S.W.3d 27 (2000).
[16] Doc. No. 102-1, p.2. (emphasis added).
[17] Doc. No. 110-1. p.1.

B. Service

Ford asserts that the Estate had been closed before the lawsuit was filed, and the Estate was not properly served with sufficient process. First, Ford claims that she was named as a Defendant in her capacity as the Special Administratrix of the Estate of John Smiley and that no Estate existed because the Estate had been closed, thus nullifying the Complaint. Plaintiff argues that the Med does not seek liability against a defunct estate, but against the Estate's representative, Ford.

The HLA provides that legal representatives are subject to the Act's provisions.[18] It places liability on persons "accepting such release… or making such settlement."[19] Clearly, Ford was the representative of the Estate, and under Tennessee law, the Med had a valid lien. The Med filed the lien in Tennessee and based on the Eighth Circuit's previous ruling,[20] the Med did not need to interject in the probate proceedings.

Ford also claims that she was not properly served, so she should be dismissed from the lawsuit. The Complaint was filed on August 12, 2013, and Ford was served on January 3, 2014, one hundred and twenty-six days later. The Med contends that the Court should grant a retroactive extension of time for service of process.

An extension of time for service of process is allowed under the Federal Rules if the plaintiff can show good cause.[21] This determination may be made retroactively.[22] The Med tried to serve For at two different locations -- one listed on the probate forms and one on Smiley's death certificate. A third address in which service was attempted, was correct. I believe this

---

[18] Tenn. Code Ann. §29-22-101(a).
[19] Tenn. Code Ann. § 29-22-104(b)(1).
[20] *Shelby County Healthcare Corporation v. S. Farm Bureau Cas. Is. Co.* 855 F.3d 836, 844 (8th Cir. 2017).
[21] Fed. R. Civ. P. 4(m).
[22] *Habib v. General Motors Corp.*, 15 F.3d. 72,73 (6th Cir. 1994).

5

constitutes good cause to extend the service process and notably this case has been pending for five years. Additionally, had this issue been addressed when it was first brought up, I likely would have granted the extension. Even if I hadn't, the case would have been dismissed without prejudice and would have been refiled by Plaintiff.

**CONCLUSION**

The Farm's Motion is GRANTED as it pertains to the Cross-Claim and DENIED as to the other requests. Ford's Cross-Motion is DENIED. Accordingly, Ford must provide indemnity to the Farm for any amount recovered by the Med. The Farm's prayers for dismissal of the Med's Complaint, that the lien to be declared invalid, and that the lien did not attach to the settlement proceeds are DENIED.

Ford's Motion for Summary Judgment (Doc. No. 121) is DENIED.

I cannot resist the desire to say that I fully agree with the dissent in the Eighth Circuit decision; but the big dog having barked, the little dog must run back under the porch.

IT IS SO ORDERED this 21st day of December 2018.

    /s/ Billy Roy Wilson_____
    UNITED STATES DISTRICT JUDGE