IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SHELBY COUNTY HEALTH CARE
CORPORATION d/b/a REGIONAL
MEDICAL CENTER                                                                        PLAINTIFF

vs.                                    3:13-cv-00194 BRW

SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY, *ET AL.*                                 DEFENDANTS

## ORDER

Pending is Defendant's Southern Farm Bureau Casualty Insurance Company, Medford Farm Partnership, and Aaron Medford ("the Farm") Motion for Summary Judgment (Doc. No. 130).[1] Also pending is Plaintiff's Motion for Summary Judgment (Doc. No. 133). Responses have been filed to both motions.[2] For the reasons set out below, the Farm's Motion for Summary Judgment (Doc. No. 130) is DENIED. The Med's Motion for Summary Judgment (Doc. No. 133) is GRANTED IN PART and DENIED IN PART.

**I.      BACKGROUND**

For the background, please see the order entered on December 21, 2018.[3]

**II.     STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[4] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that

---

[1] Doc. No. 130.
[2] Doc. Nos. 143, 136, 141.
[3] Doc. No. 155.
[4] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

1

properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[5]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[6] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[7] A court must view the facts in the light most favorable to the party opposing the motion.[8]

The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[9]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[10]

## III. DISCUSSION

The Farm argues: (1) it had no intent to impair the lien; (2) Plaintiff failed to mitigate its damages; (3) Plaintiff's claims are barred under the doctrine of laches; and (4) Plaintiff has waived any alleged right to relief under its lien impairment.

---

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).
[6] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).
[7] *Id.* at 728.
[8] *Id.* at 727-28.
[9] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).
[10] *Anderson*, 477 U.S. at 248.

The Med asserts: (1) Defendants impaired the hospital lien by the plain terms of the statute; (2) impairment of the hospital lien creates a liability on Defendants for one-third of the settlement amount plus prejudgment interest.

### A. Intent

The Farm claims that the Eighth Circuit's most recent opinion describes the Med's lien impairment action as "a wrong analogous to the common-law tort of conversion,"[11] and intentional tort in Tennessee.[12] It asserts that since the Eighth Circuit found the claim of lien impairment to be analogous with conversion, the Med must prove intent to impair the lien. In response, the Med claims that there is no *mens rea* requirement in the Tennessee HLA. The Tennessee HLA provides that "any acceptance of a release or satisfaction of any such cause of action . . . claim . . . demand or judgment and any settlement of any of the foregoing in the absence of a release or satisfaction of the lien [] shall prima facie constitute an impairment of such lien."[13] It is undisputed that the Farm participated in a settlement in the absence of a release or satisfaction of the lien. Accordingly, I find that Defendants, have impaired the Med's hospital lien under the Tennessee HLA.

### B. Mitigation

The Farm also argues that the Med failed to mitigate its damages and under Tennessee law, this prevents the Med from being able to recover. Under Tennessee law, "the party injured by the wrongful act of another has a legal duty to exercise reasonable and ordinary care under these circumstances to prevent and diminish the damages."[14] The Farm points out that the Med learned of the probate court judgment by April 2011, but failed to intervene in the proceedings,

---

[11] *Shelby Cty. Health Care Corp. v. S. Farm Bureau Cas. Ins. Co.*, 855 F.3d 836, 842 (8th Cir.).
[12] *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.,* 387 S.W.3d. 525, 553 (Tenn. Ct. App. 2012).
[13] Tenn. Code Ann § 29-22-104(b)(1).
[14] *Carolyn B. Beasley Cotton Co. v. Ralph*, 59 S.W.3d 110, 115 (Tennessee Ct. App. 2000).

3

took only minimal steps to obtain an exhaust letter, and failed to take sufficient steps to submit the charges for Mr. Smiley's care to Medicare.

The Med provided letters it sent to both Ford and Ford's attorney regarding the necessary paperwork for payment of the medical expenses. It also served all parties with an amended hospital lien. Based on the record before me, there are material facts in dispute regarding mitigation.

### C. Reasonable Charges and Prejudgment Interest

The Med argues that Defendants impaired the hospital lien and the proper damages are one-third of the settlement agreement plus consequential damages. The HLA provides that once an impairment of a hospital lien occurs, the offending parties are liable for the "reasonable cost of" the medical care.[15] The Med argues that $233,333.33, one-third of the settlement, plus $186,666.64, prejudgment interest, for a total of $419,999.97, and all other costs, is reasonable.

First, the Med contends that one-third of the settlement amount is much less than the cost for Mr. Smiley's hospital care, so the charges are reasonable. The Farm and the Med argue as to the term of reasonableness as described in *West*.[16] Following the language in *West*, I believe that "reasonable charges" are the charges agreed to by the insurance company and the hospital.[17]

Second, an award of prejudgment interest under Tennessee law is within the sound discretion of the trial court, and a court is vested with considerable deference regarding a prejudgment interest decision.[18]

Accordingly, there are also material facts in dispute regarding reasonableness damages and prejudgment interest.

---

[15] Tenn. Code Ann. § 29-22-104(b)(1).
[16] *West v. Shelby Cty. Healthcare Corp.,* 459 S.W.3d 33, 44 (Tenn. 2014).
[17] *Id.* at 46.
[18] *Story v. Lanier*, 166 S.W.3d 167, 179 (Tenn. Ct. App. 2004).

### D. Doctrine of Laches

The Farm also argues that Plaintiff's claims are barred by the doctrine of laches. Laches has two essential elements: (1) an inexcusably long delay caused by the claimant's negligence in asserting its claims; and (2) an injury to another's rights resulting from this delay.[19] "[O]n the rare occasion it is applied to bar a stale claim prior to the running of the statute of limitations, it should only be applied when there is gross laches."[20] Gross laches occurs when there has been a "long and unreasonable acquiescence in adverse rights[,]"[21] and requires prejudice to the defendant such as loss of evidence and witnesses.[22]

The Med asserts that a lawsuit filed within the three-year statute of limitation is not a "long and unreasonable acquiescence." The Med learned about Defendants' settlement agreement in April of 2011. About two years later, the Med filed this case for lien impairment. This was neither a long and unreasonable acquiescence in adverse rights, nor is there persuasive proof that Defendants will suffer the loss of evidence or witnesses because of the delay.

### E. Waiver

Finally, the Farm argues Plaintiff has waived any right to relief under the lien impairment claim, because Plaintiff failed to intervene or contest the matters in the probate action. Plaintiff asserts, and provides evidence, that Defendants were aware of the lien before they reached a settlement. I find that the Med neither impliedly nor expressly waived their rights to its claim.

---

[19] *Dennis Joslin Co., LLC v. Johnson*, 138 S.W.3d 197, 200 (Tenn. Ct. App. 2003).
[20] *Id.*
[21] *John P. Saad & sons v. Nashville Thermal Transfer Corp.*, 715 S.W.2d 41,46 (Tenn. 1986).
[22] *Johnson*, 138 S.W.3d. at 201.

## CONCLUSION

Based on the findings of fact and conclusions of law above, the Farm's Motion for Summary Judgment (Doc. No. 130) is DENIED. The Med's Motion for Summary Judgment (Doc. No. 133) is GRANTED IN PART and DENIED IN PART. Defendants impaired the lien. However, material facts remain in dispute regarding mitigation and damages.

IT IS SO ORDERED this 3rd day of January 2019.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE