IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**SHELBY COUNTY HEALTH CARE CORPORATION**　　　　　　　　　　**PLAINTIFF**

**VS.**　　　　　　　　　　**3:13-CV-00194-BRW**

**SOUTHERN FARM BUREAU CASUALTY**　　　　　　　　　　**DEFENDANTS**
**INSURANCE COMPANY,** *ET AL.*

**ORDER**

Pending is Defendant Southern Farm Bureau, Medford Farm Partnership, and Aaron Medford's ("the Farm) Motions in Limine (Doc. No. 154 and 156). Responses have been filed to both motions.[1] For the reasons set out below the Farm's Motion in Limine (Doc. No. 154) is MOOT IN PART and DENIED IN PART. The Farm's Motion in Limine (Doc. No. 156) is GRANTED IN PART and DENIED IN PART.

　　A.　　**First Motion in Limine**

The Farm's first Motion in Limine asserts that two witnesses should be precluded from testifying. First, it seeks to exclude Teresa McCullough Goetsch, because she is a partner at Plaintiff's lawyer's firm. Plaintiff included Ms. Goetsch as a witness to testify about the filing of the hospital lien and mailings related to it. Since the parties have admitted that the liens were perfected under Tennessee law and that they received notice of the filings, Ms. Goetsch is not a necessary witness; the issue is MOOT.

Second, the Farm wants to exclude Judy Briggs because Plaintiff "never indicated that she would be called as a witness" and no deposition was taken. However, the Farm admits that she was identified in the initial disclosures. The fact that the Farm has not taken her deposition, despite her being identified, does not warrant the exclusion of her testimony. Additionally, I would note that

---

[1]Doc. Nos. 166, 167, 168.

1

The Farms October 16, 2018 letter to opposing counsel to "confirm that we have taken a deposition from every witness that [Plaintiff] will call at the trial . . . ." was sent one day before the discovery deadline. Finally, I see no prejudice. In fact, it seems unlikely that Ms. Briggs will be called as a witness, since, according to Plaintiff, her testimony is duplicative of Ms. Perry's testimony. Accordingly, the motion is DENIED.

B.     **Second Motion in Limine**

The Farm's Second Motion in Limine (Doc. No. 156) is GRANTED IN PART and DENIED IN PART.

The motion to exclude evidence or testimony that Barbara Ford does not have funds to pay a judgment is GRANTED.

The Farm's motion to exclude evidence or testimony that it "may pay the claim assessed against Medford Farm Partnership and Aaron Medord" is GRANTED.

The request to exclude any "reference to the fact that there is an additional amount of money available" under the policy is GRANTED.

The request to preclude references or evidence regarding the fact that the Farm may be the only party with funds to pay a judgment is GRANTED.

The motion to prohibit reference to the "relationship between Medford Farm Partnership and Aaron Medford other than they are insureds under a Farm Bureau Policy" is DENIED, because the issue is better addressed during trial. Before broaching the subject, the parties must bring this issue up outside the hearing of the jury.

The motion to prohibit evidence or testimony regarding the "financial burden" Plaintiff experiences by treating people other than those involved in this case is GRANTED.

The request to exclude reference to motions filed in this case is GRANTED.

The motion to prevent "the disclosure that Medford Defendants had to previous lawyers" is GRANTED.

The request to prohibit evidence or testimony regarding the Farm's ability to pay the judgment is GRANTED.

IT IS SO ORDERED this 4th day of January, 2019.

/s/ Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE