IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**SHELBY COUNTY HEALTH CARE CORPORATION**     **PLAINTIFF**

VS.     3:13-CV-00194-BRW

**SOUTHERN FARM BUREAU CASUALTY**     **DEFENDANTS**
**INSURANCE COMPANY,** *ET AL.*

## ORDER

Plaintiff's Motion in Limine (Doc. No. 175) is GRANTED IN PART and DENIED IN PART as set out below:

- Plaintiff's request to prohibit any reference to Arkansas law is DENIED, because this issue is better addressed during trial. There may be instances when Arkansas law is applicable.

- Plaintiff's request to prohibit reference or argument that it had a duty to intervene in the probate proceedings is GRANTED. As far as I know, there was no duty under the law – whether it would have been prudent is a different issue.

- Plaintiff's request to prohibit any documents from or reference to the probate proceeding because it had no duty to join in the probate proceeding is DENIED. This will need to be addressed on a document-by-document basis.

- Plaintiff's request that "the defense of mitigation of damages be limited" is DENIED as vague. However, I do not believe intervention in the probate proceedings relates to mitigation, since failure to intervene did not increase the amount of the outstanding hospital loan.[1]

---

[1] This argument was made in Defendants' responses to the motion in limine (Doc. Nos. 177, 184).

1

Defendant Barbara Ford's Motion in Limine (Doc. No. 178) to exclude "correspondence between Ford's then-attorneys, Marks & Harrison and/or Troy Henry, and Farm Bureau and its attorneys concerning the negotiation of the settlement or discussion of the language included in the release agreement" is DENIED. I cannot rule on the admissibility of documents in the abstract. However, my visceral reaction is that they wouldn't be relevant to the issues before the jury.

IT IS SO ORDERED this 7th day of February, 2019.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE